# UNIFUND CCR PARTNERS *v.* ELLEN A. SCHAEPPI ET AL.
## (AC 30474)

Harper, Robinson and West, Js.

Argued November 20, 2009—officially released February 1, 2011

*Scott Dellaventura,* with whom, on the brief, was *Joseph M. Tobin,* for the appellant (plaintiff).

*Kirk D. Tavtigian, Jr.,* for the appellees (named defendant et al.).

*Opinion*

WEST, J. In this foreclosure action, the plaintiff, Unifund CCR Partners, appeals from the judgment rendered by the trial court in favor of the defendants Ellen

A. Schaeppi and Ernest A. Schaeppi.[1] The plaintiff claims on appeal that the trial court improperly granted the defendants' motion for summary judgment. Specifically, the plaintiff argues that the court improperly (1) granted the defendants' motion for summary judgment because it lacked the requisite memorandum of law accompanying it pursuant to Practice Book § 11-10 and (2) concluded that the judgment lien that formed the basis of the foreclosure action was invalid because it sought to secure a money judgment of no amount. We disagree and, accordingly, affirm the judgment of the trial court.

The following undisputed facts and procedural history are necessary for our resolution of the plaintiff's appeal. On July 27, 2004, the plaintiff filed a complaint seeking to collect credit card debt allegedly owed by the defendants. A hearing was held on October 31, 2005, before an attorney fact finder. In his January 5, 2006 report, he recommended judgment in favor of the defendants because the plaintiff had failed to establish that the credit card debt had been assigned to the plaintiff. The plaintiff objected to the acceptance of the findings of fact on February 6, 2006. The court, *Miller, J.*, remanded the matter to the attorney fact finder for a rehearing on the issue of whether there had been a valid assignment of the credit card debt. After the hearing on remand was held on March 27, 2006, the attorney fact finder recommended, in a report dated March 30, 2006, that judgment enter in favor of the plaintiff. On June 19, 2006, the court rendered judgment in favor of the plaintiff, stating: "Judgment shall enter in favor of the plaintiff on the fact finder's report as revised after remand." The plaintiff placed a judgment lien on real property owned by the defendants, which was recorded

---

[1] Surrey Hill Homeowners Association II, Inc., also is a defendant in this action but is not a party on appeal. We therefore refer in this opinion to Ellen Schaeppi and Ernest Schaeppi as the defendants.

in the Glastonbury land records on July, 18, 2006. The plaintiff then filed with the court a motion for an order of weekly payments on August 25, 2006, seeking payments of $35 per week. On September 11, 2006, the court, *Miller, J.*, granted the motion and set payments of $25 per week to commence on October 11, 2006.

By complaint filed on November 13, 2006, the plaintiff then sought foreclosure on the judgment lien. On September 10, 2007, the plaintiff filed a motion for partial summary judgment as to liability. By memorandum of decision filed March 20, 2008, the court, *Hon. Robert Satter*, judge trial referee, denied the motion. The court reasoned that the "issue of what portion of the defendants' interest in their property is exempt and what portion [is] nonexempt [under General Statutes §§ 52-352a and 52-352b][2] gives rise to an issue of fact, which, in this case, precludes the granting of [the] plaintiff's motion for summary judgment." The court also concluded that the value of the defendants' property was in doubt, and, therefore, the plaintiff's summary judgment motion should be denied. The court went on to state that there was another ground on which the plaintiff's motion for summary judgment "must be denied . . . ." The court indicated it had taken judicial notice of and examined the court file of the debt collection action that formed the basis of the foreclosure action. It concluded from that examination that no money judgment had entered in that case because the attorney fact finder had made no finding as to the amount of debt. Moreover, the court continued, Judge Miller had subsequently ordered that judgment enter in favor of the plaintiff on

[2] We note that § 52-352a was amended by Public Acts 2010, No. 10-181, § 4. That amendment, however, is not relevant to this appeal. We therefore refer to the current revision of the statute in this opinion. General Statutes §§ 52-352a and 52-352b provide the basic rules to determine what property of a debtor is unavailable to a creditor seeking to enforce a debt, including a judgment debt, by way of judicial process or court order. *Sienkiewicz* v. *Sienkiewicz*, 178 Conn. 675, 680, 425 A.2d 116 (1979).

the basis of the attorney fact finder's report without stating the amount of the judgment. Judge Satter reasoned that, because General Statutes § 52-350f provides in relevant part that a "money judgment may be enforced, by execution or by foreclosure of a real property lien, to the amount of the money judgment," and General Statutes § 52-380a (a) provides in relevant part that "[a] judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any real property," the judgment lien underlying the foreclosure action was "of questionable validity." The court, however, acknowledging that the only motion before it was the plaintiff's motion for summary judgment, declared that it was making no such ruling.

On March 28, 2008, the plaintiff filed a motion with the court, *Miller J.*, seeking clarification of its June 19, 2006 judgment. The court held a hearing on the matter on May 12, 2008, during which the plaintiff indicated that it was seeking to have the court clarify the dollar amount of the judgment. After hearing from both parties, the court concluded that there never was a finding as to the amount of the debt and that "the judgment should have not been allowed to enter without a finite dollar amount." As a result, the court further concluded, there never was a money judgment entered in the action, and, therefore, under the unique circumstances of the case, there was no basis for the court to clarify the judgment.

On July 31, 2008, the defendants filed a motion for summary judgment, attaching Judge Satter's March 20, 2008 memorandum of decision addressing the plaintiff's motion for partial summary judgment. On August 5, 2008, the defendants filed a memorandum of law in support of its motion, which, except for the heading, was identical to its July 31, 2008 motion. After a hearing was held on the matter, Judge Satter, by memorandum

of decision filed October 15, 2008, granted the motion, concluding that, as a matter of law, a judgment of no amount, underlying a judgment lien in an incorrect amount cannot form the basis of a foreclosure action. This appeal timely followed. Further facts will be set forth as necessary.

I

The plaintiff first claims that the court improperly granted the defendants' motion for summary judgment because it lacked the requisite memorandum of law accompanying it pursuant to Practice Book § 11-10.[3] Specifically, the plaintiff claims that it was unduly prejudiced by the lack of an adequate memorandum of law supporting the defendants' motion for summary judgment. We disagree.

It is clear that the defendants did not file a contemporaneous supporting memorandum of law with their July 31, 2008 motion and merely attached a copy of Judge Satter's March 20, 2008 memorandum of decision. The defendants, on August 5, 2008, however, did file a duplicate of that motion entitled "Memorandum of Law in Support of Defendants' Motion for Summary Judgment," also with Judge Satter's memorandum of decision attached. The defendants contend that those attachments met the requirements of Practice Book § 11-10 by "briefly outlining the claims of law and authority pertinent thereto . . . ." Practice Book § 11-10. Moreover, the defendants claim that the plaintiff has failed to establish any prejudice from the defendants' actions. We agree.

The following is the relevant portion of Judge Satter's March 20, 2008 memorandum of decision that

---

[3] Practice Book § 11-10 provides in relevant part: "A memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served by the movant with the following motions . . . (5) motions for summary judgment. . . ."

addressed the issues underlying the defendants' motion. "There is another ground upon which the plaintiff's motion for summary judgment must be denied, and that goes to the merits of the plaintiff's case. The plaintiff allege[d] . . . that '[o]n July 19, 2006, the plaintiff obtained a judgment in [this] court against the defendants in the amount of $11,143.36 and $302 in costs.' Further the plaintiff allege[d] that 'on July 21, 2006, said judgment being unsatisfied, the plaintiff caused a certificate of judgment lien to be filed in the office of the town/city clerk in said town/city of Glastonbury.' Attached to the complaint [was] the judgment lien certifying [that the] '[p]laintiff . . . did obtain a judgment in its favor against the defendants for the sum of $9382.05 principal damages, plus prejudgment interest as awarded by the court and costs of suit.' . . . This court has the right to take judicial notice of and, in fact, has examined the file of *Unifund CCR Partners* v. *Schaeppi* [Superior Court, judicial district of Hartford, Docket No. CV-04-4000979-S (*Miller, J.*)]. Such an examination reveals that no such money judgment claimed by the plaintiff was entered in that case.

"On July 28, 2004, the plaintiff initiated an action to recover an alleged credit card debt owed by the defendants to the original creditor . . . in the amount of $9382.05 together with interest. The debt was subsequently allegedly assigned to the plaintiff. [The] [d]efendants interposed an answer. On [October 31, 2005] a hearing was held before [a] fact finder . . . . [The plaintiff was] represented by [its] present attorney, and the defendants appeared pro se. In the course of the fact finder's reciting the evidence in the case, he noted [that] '[a]s of August 29, 2002, the defendants owed [the issuer of the credit card] $9382.05 (Plaintiff's Exhibit I).' However, in its report dated January 5, 2006, the fact finder reviewed the evidence of the assignment to [the] plaintiff and concluded that the plaintiff had failed

to prove the validity of its assignment. The conclusion was as follows: 'Based on the findings of fact, it is recommended to the court that a finding in favor of the defendants be entered without prejudice.' The plaintiff objected to the acceptance of the fact finder's report. Judge Miller entered an order: 'The matter is hereby remanded to [the] fact finder . . . for a rehearing on the issue of whether or not there was a valid assignment to the plaintiff of the account in question.'

"A second hearing was held on March 30, 2006, where [the] fact finder determined that a valid assignment had been made, and he also stated: 'Accordingly, the defendants are liable to the plaintiff for the amount of the credit card charges made on [the credit card] account no. 549 . . . with interest.' His conclusion was: 'Based on the findings of fact, it is recommended to the court that a finding in favor of the plaintiff be entered.' Judge Grant Miller, on June 19, 2006 entered the following judgment: 'Judgment shall enter in favor of the plaintiff on the fact finder's report as revised after remand.'

"General Statutes § 52-549r states that '[a fact finder] shall proceed to determine the matters in controversy submitted to them, and shall prepare and sign a finding of fact, which shall include an award of damages if applicable.' In the instant case, the fact finder made no finding as to the amount of the debt. Recitation of the evidence with reference to an exhibit is not a finding of fact. The court construes the phrase 'an award of damages' in the above statute to mean a precise dollar amount. [The] [f]act finder . . . found the defendants liable for the amount of the credit card charges made on the specific account number but did not state that amount. Judge Grant Miller on June 19, 2006, ordered that judgment enter in favor of the plaintiff on the fact finder's report, again without stating the amount of the judgment.

"[Section 52-350f] states: 'The money judgment may be enforced, by execution or by foreclosure of a real property lien, to *the amount of the money judgment . . . .*' (Emphasis added.) [Section] 52-380a (a) provides: 'A judgment lien, securing the unpaid *amount of any money judgment,* including interest and costs, may be placed on any real property by recording, in the town clerk's office in the town where the real property lies, a judgment lien certificate, signed by the judgment creditor or his attorney . . . containing . . . *the original amount of the money judgment and the amount due thereon . . . .*' (Emphasis added.) [Because] no money judgment was entered in the underlying case . . . in the amount stated in the judgment lien, signed and recorded by [the] plaintiff's attorney, that lien is of questionable validity. However, this court is not making such a ruling. The only motion before it is [the] plaintiff's for summary judgment."

The memorandum of decision attached to the July 31, 2008 motion was not entitled a memorandum of law; however, we conclude that it more than adequately provided the brief outline of the claims of law and authority pertinent to the defendants' motion as required under our rules of practice. Judge Satter discussed in detail the undisputed facts underlying the issue in his memorandum of decision on the plaintiff's motion for partial summary judgment. He also set out the law supporting his conclusion that no money judgment had entered against the defendants in the underlying case before he rightfully indicated that he would not then rule on the matter. Moreover, even assuming arguendo that the defendants' use of Judge Satter's memorandum of decision in this manner indicates that they failed to comply with our rules of practice, the plaintiff has failed on appeal to demonstrate how it was prejudiced thereby. It is clear from our review of the record that the plaintiff was aware of the facts and

the law on which the defendants were relying in their motion, and, therefore, the plaintiff has failed to establish that it was prejudiced under these circumstances. Moreover, the summary judgment was rendered on a matter of law that was not the subject of any factual dispute. Accordingly, we conclude that it was not improper for the court to grant the defendants' motion for summary judgment because it lacked the requisite memorandum of law accompanying their motion for summary judgment. See *Weigold* v. *Patel*, 81 Conn. App. 347, 359–60, 840 A.2d 19 (summary judgment for defendant appropriate without supporting memorandum when rendered as matter of law, no facts in dispute and plaintiff aware of facts and law on which defendant relied), cert. denied, 268 Conn. 918, 847 A.2d 314 (2004).

## II

The plaintiff next claims that the court improperly concluded that the judgment lien that formed the basis of the foreclosure action was invalid as a matter of law because it sought to secure a money judgment of no amount. The plaintiff makes two arguments in favor of that claim. The plaintiff first argues that the June 19, 2006 judgment was a full and final judgment as to liability and damages because the amount of the judgment was ascertainable from the record. Second, the plaintiff argues alternatively that the order of weekly payments entered by the court on September 11, 2006, was a money judgment for a sum certain and, therefore, not a judgment for no amount. After setting forth the applicable standard of review, we address each argument in turn.

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Sherman* v. *Ronco*, 294 Conn. 548, 553–54, 985 A.2d 1042 (2010).

A

The plaintiff first argues that the June 19, 2006 judgment was a full and final judgment as to liability and damages because the amount of the judgment was ascertainable from the record. We disagree.

"A judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any real property . . . ." General Statutes § 52-380a (a). "To be conclusive on the parties and to terminate litigation, a judgment must be definitive and not ambiguous or uncertain; otherwise it is defective. . . . Particularly, [a] money judgment must specify with certainty the amount for which it is rendered, or if the amount is not stated, it must be ascertainable from the record or by mere mathematical computation. . . . 46 Am. Jur. 2d 455, Judgments § 82 (2006) . . . ." (Citations omitted; internal quotation marks omitted.) *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, 97 Conn. App. 541, 560–61 n.19, 905 A.2d 1214, cert. denied, 280 Conn. 942, 943, 912 A.2d 479 (2006). The plaintiff argues that the

amount of the judgment is ascertainable because the fact finder reports incorporated into the judgment, when read together, show that the fact finder found in favor of the plaintiff in the amount of $9382.05. The court, however, concluded that the June 19, 2006 judgment was for no amount, and, that as a matter of law, a judgment for no amount, underlying a judgment lien for another specific amount, cannot be the basis of a foreclosure action. Our plenary review of this claim, as well as the record and briefs, in the light most favorable to the plaintiff, leads us to the same conclusion as the court.

In his January 5, 2006 report, the fact finder stated: "As of August 29, 2002, the defendants owed [the issuer of the credit card] $9382.05. (Plaintiff's Exhibit I)." This statement, the plaintiff argues, forms the basis of the amount of the June 19, 2006 judgment. Even assuming arguendo that this was a finding of fact by the fact finder and not merely a recitation of the evidence, as the court, *Hon. Robert Satter*, judge trial referee, concluded, we cannot conclude that it is sufficiently definitive to form the basis of a money judgment against the defendant. We first note that the statement was made in a report that recommended that the court enter a finding in favor of the defendants. That recommendation concluded that the plaintiff had failed to establish that the alleged debt had been assigned to it. In order for it to have made such a finding, the fact finder need not have determined what, if any, damages were owed by the defendants; therefore, it remains uncertain that the amount cited by the plaintiff was, indeed, a determination of damages. Moreover, the date cited by the fact finder as of when that amount was owed by the defendants was some three and one-half years prior to his January 5, 2006 report. Last, the judgment that eventually was entered in favor of the plaintiff was entered "on the fact finder's report *as revised after*

*remand.*" (Emphasis added.) That report is bereft of any finding whatsoever as to the amount of damages. Under these circumstances, we conclude that the judgment entered against the defendants on June 19, 2006, was not definitive, unambiguous or certain as to the amount of damages owed. See *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, supra, 97 Conn. App. 560–61 n.19. Accordingly, we cannot conclude that the court improperly determined that the judgment lien that formed the basis of the foreclosure action was invalid because it sought to secure a money judgment of no amount.

## B

The plaintiff argues alternatively that the order for weekly payments entered by the court on September 11, 2006, was a money judgment, and, therefore, the court improperly concluded that the judgment lien was made on the basis of a judgment for no amount of money. Specifically, the plaintiff argues that the September 11, 2006 order was a money judgment pursuant to General Statutes § 52-350a (13)[4] that validly supported the judgment lien. The plaintiff's argument has no merit.

It is axiomatic that for a judgment lien to be valid, there must have been, at the time of the recording of the judgment lien, a judgment entered against the judgment debtor. See General Statutes § 52-380a; see also *PNC Bank, N.A.* v. *Kelepecz*, 289 Conn. 692, 700–701, 960 A.2d 563 (2008) (judgment lien method of appropriating in satisfaction of judgment real estate that could by law be taken on execution of such judgment). Here, the order for weekly payments was entered more

---

[4] General Statutes § 52-350a (13) provides in relevant part: " 'Money judgment' means a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money, other than a family support judgment. . . ."

than three weeks after the plaintiff recorded the judgment lien. As a result, it is impossible, regardless of the whether the order was a "money judgment" pursuant to § 52-350a (13),[5] for the validity of the judgment lien to be grounded in the September 11, 2006 order. Accordingly, this claim fails. The trial court properly rendered summary judgment in favor of the defendants.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Because the disposition of this case does not require this court to resolve whether the September 11, 2006 order was a money judgment pursuant to § 52-350a (13), we express no opinion in that regard.