UNIFUND CCR PARTNERS *v.* ELLEN A.
SCHAEPPI ET AL.
(AC 33850)

Gruendel, Espinosa and Flynn, Js.

Argued November 13, 2012—officially released January 22, 2013

*Scott Dellaventura* and *Jonathan D. Elliot*, with whom, on the brief, was *Joseph M. Tobin*, for the appellant (plaintiff).

*Kirk D. Tavtigian, Jr.*, for the appellees (named defendant et al.).

*Opinion*

GRUENDEL, J. The plaintiff, Unifund CCR Partners, appeals from the denial by the trial court of its motion to open a judgment rendered in its favor. The plaintiff claims on appeal that the court (1) improperly found that the judgment rendered in its favor was invalidly

entered and, therefore, cannot be opened, and (2) erred in finding that an order for installment payments was not a judgment, and, therefore, could not be opened. We affirm the judgment of the trial court.

The following facts and procedural history, as previously set forth by this court, are relevant to the resolution of this claim. "On July 27, 2004, the plaintiff filed a complaint seeking to collect credit card debt allegedly owed by the defendants [Ellen A. Schaeppi and Ernest A. Schaeppi]. A hearing was held on October 31, 2005, before an attorney fact finder. In his January 5, 2006 report, [the fact finder] recommended judgment in favor of the defendants because the plaintiff had failed to establish that the credit card debt had been assigned to the plaintiff. The plaintiff objected to the acceptance of the findings of fact on February 6, 2006. The court, *Miller, J.*, remanded the matter to the attorney fact finder for a rehearing on the issue of whether there had been a valid assignment of the credit card debt. After the hearing on remand was held on March 27, 2006, the attorney fact finder recommended, in a report dated March 30, 2006, that judgment enter in favor of the plaintiff. On June 19, 2006, the court rendered judgment in favor of the plaintiff, stating: 'Judgment shall enter in favor of the plaintiff on the fact finder's report as revised after remand.' The plaintiff placed a judgment lien on real property owned by the defendants, which was recorded in the Glastonbury land records on July, 18, 2006. The plaintiff then filed with the court a motion for an order of weekly payments on August 25, 2006, seeking payments of $35 per week. On September 11, 2006, the court, *Miller, J.*, granted the motion and set payments of $25 per week to commence on October 11, 2006.

"By complaint filed on November 13, 2006, the plaintiff then sought foreclosure on the judgment lien. On

September 10, 2007, the plaintiff filed a motion for partial summary judgment as to liability. By memorandum of decision filed March 20, 2008, the court, *Hon. Robert Satter*, judge trial referee, denied the motion [because] the 'issue of what portion of the defendants' interest in their property is exempt . . . gives rise to an issue of fact, which . . . precludes the granting of [the] plaintiff's motion for summary judgment.' . . . The court went on to state that there was another ground on which the plaintiff's motion for summary judgment 'must be denied . . . .' The court indicated it had taken judicial notice of and examined the court file of the debt collection action that formed the basis of the foreclosure action. It concluded from that examination that no money judgment had entered in that case because the attorney fact finder had made no finding as to the amount of debt. Moreover, the court continued, Judge Miller had subsequently ordered that judgment enter in favor of the plaintiff on the basis of the attorney fact finder's report without stating the amount of the judgment. Judge Satter reasoned that, because General Statutes § 52-350f provides in relevant part that a 'money judgment may be enforced, by execution or by foreclosure of a real property lien, to the amount of the money judgment,' and General Statutes § 52-380a (a) provides in relevant part that '[a] judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any real property,' the judgment lien underlying the foreclosure action was 'of questionable validity.' The court, however, acknowledging that the only motion before it was the plaintiff's motion for summary judgment, declared that it was making no such ruling.

"On March 28, 2008, the plaintiff filed a motion with the court, *Miller, J.*, seeking clarification of its June 19, 2006 judgment. The court held a hearing on the matter on May 12, 2008, during which the plaintiff indicated

that it was seeking to have the court clarify the dollar amount of the judgment. After hearing from both parties, the court concluded that there never was a finding as to the amount of the debt and that 'the judgment should not have been allowed to enter without a finite dollar amount.' As a result, the court further concluded, there never was a money judgment entered in the action, and, therefore, under the unique circumstances of the case, there was no basis for the court to clarify the judgment.

"On July 31, 2008, the defendants filed a motion for summary judgment, attaching Judge Satter's March 20, 2008 memorandum of decision addressing the plaintiff's motion for partial summary judgment. . . . After a hearing was held on the matter, Judge Satter, by memorandum of decision filed October 15, 2008, granted the motion, concluding that, as a matter of law, a judgment of no amount, underlying a judgment lien in an incorrect amount cannot form the basis of a foreclosure action." *Unifund CCR Partners* v. *Schaeppi*, 126 Conn. App. 370, 372–75, 11 A.3d 723 (2011).

The plaintiff then appealed from the court's granting of the defendants' motion for summary judgment, claiming, inter alia, that "the court improperly concluded that the judgment lien that formed the basis of the foreclosure action was invalid as a matter of law because it sought to secure a money judgment of no amount." Id., 379. The plaintiff advanced two alternate arguments in support of that claim. First, the plaintiff argued that the judgment rendered by Judge Miller on June 19, 2006, "was a full and final judgment as to liability and damages because the amount of the judgment was ascertainable from the record." Id., 380. The plaintiff argued that, in the alternative, "the order for weekly payments entered by the court on September 11, 2006, was a money judgment" and, could, therefore, serve as the basis for a judgment lien. Id., 382.

This court rejected both of the plaintiff's arguments and affirmed the trial court's granting of the defendants' motion for summary judgment. Id., 372. In reaching its decision, this court first determined that the June 19, 2006 judgment was not a "full and final judgment" because it did not "specify with certainty the amount for which it was rendered," nor was the amount "ascertainable from the record or by mere mathematical computation." (Internal quotation marks omitted.) Id., 380. Without deciding whether the installment payment order of September 11, 2006, was a money judgment, this court concluded that it was impossible for it to have served as the basis for the judgment lien, as the judgment lien was recorded weeks before the court entered its installment payment order. Id., 382–83.

On June 21, 2011, following this court's affirmance of the trial court's granting of the defendants' motion for summary judgment, the plaintiff filed a motion to open and modify the judgment of June 19, 2006. The court denied that motion and the plaintiff's subsequent motion for reargument and reconsideration filed on August 2, 2011. The plaintiff, on November 7, 2011, filed a motion for articulation, requesting that the court articulate its rationale for denying the plaintiff's motion to open and modify the June 19, 2006 judgment. On December 2, 2011, the court granted the plaintiff's motion for articulation and explained in its articulation that the judgment the plaintiff sought to open, lacking a specific dollar amount, was not a valid judgment. Thus, the court explained, it did not "have the ability to open a judgment that was never really a judgment." The plaintiff now appeals from the court's denial of the June 21, 2011 motion to open and modify the judgment rendered on June 19, 2006.

"Our review of a court's denial of a motion to open . . . is well settled. We do not undertake a plenary review of the merits of a decision of the trial court . . .

to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." (Internal quotation marks omitted.) *Eremita* v. *Morello*, 111 Conn. App. 103, 105–106, 958 A.2d 779 (2008).

The plaintiff argues that the court abused its discretion because it has the authority to open a judgment after the expiration of the four month period prescribed under General Statutes § 52-212a in cases where the judgment was obtained by mutual mistake. Because this argument rests on the faulty premise that there exists a judgment to open, we are unpersuaded.

As this court already has determined that the judgment rendered on June 19, 2006, was not a "full and final judgment"; *Unifund CCR Partners* v. *Schaeppi*, supra, 126 Conn. App. 380; we need not engage in that analysis for a second time. Instead, we look only at whether, given that prior determination, the court abused its discretion in denying the plaintiff's motion to open the judgment. Considering that there existed no valid judgment to open in the first instance, we conclude that the court did not abuse its discretion in finding that it could not open that which was never properly entered as a judgment.

The plaintiff next argues, as it did in its first appeal to this court, that even if the June 19, 2006 judgment is invalid, the court's order of installment payments is a judgment that the court abused its discretion in declining to open. We see no merit in that argument.

General Statutes § 52-350a (9) and (13), which define, respectively, "[i]nstallment payment order" as "the fixing by the court of a sum to be paid periodically by the

judgment debtor until satisfaction of a money judgment," and "[m]oney judgment" as "a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money," together plainly resolve this question. The statutory language indicates that an installment payment order is an order by the court that may be entered *after* a money judgment is entered. The statutory language does not indicate that an installment payment order may function as a substitute for a money judgment. See *Ballou* v. *Law Offices Howard Lee Schiff, P.C.*, 304 Conn. 348, 358, 39 A.3d 1075 (2012) ("[e]ach of these terms [installment payment order and money judgment] has a distinct meaning for purposes of the relevant statutory scheme").[1]

The plaintiff further contends that when the court entered the installment payment order, this action somehow remedied the defect in the underlying judgment. While the entering of an installment payment order without a basis in a valid judgment may have implications with respect to the validity of the subsequent installment payment order, it does not, conversely, validate an invalid judgment. Not only is this logically untenable, there is no legal authority for the proposition that the entering of an installment payment order corrects an underlying defective judgment. We, therefore, conclude that the court did not abuse its discretion in declining to find that the installment payment order was a judgment it had the authority to open.

Finally, the plaintiff requests that this court invoke its supervisory powers to modify the judgment to include a precise dollar amount or to remand the matter to the fact finder for a determination of the specific amount of debt owed to the plaintiff. As our supervisory powers

---

[1] Despite the plaintiff's contention in its reply brief to this court that *Ballou* v. *Law Offices Howard Lee Schiff, P.C.*, supra, 304 Conn. 348, does not state that an installment payment order is not a money judgment, the Supreme Court's characterization of these terms as "distinct" in meaning indicates otherwise. Id., 358.

are reserved for only the most extraordinary of cases, we decline to exercise those powers.

"Appellate courts possess an inherent supervisory authority over the administration of justice. . . . [T]he standards are flexible and are to be determined in the interests of justice. . . . [O]ur supervisory authority [however] is not a form of free-floating justice, untethered to legal principle. . . . [T]he integrity of the judicial system serves as a unifying principle . . . . [O]ur supervisory powers are invoked only in the rare circumstance where [the] traditional protections are inadequate to ensure the fair and just administration of the courts . . . ." (Internal quotation marks omitted.) *State* v. *Connor*, 292 Conn. 483, 518–19 n.23, 973 A.2d 627 (2009). "Supervisory powers are exercised to direct trial courts to adopt judicial procedures that will address matters that are of utmost seriousness, not only for the integrity of a particular trial but also for the perceived fairness of the judicial system as a whole." (Internal quotation marks omitted.) *State* v. *Ouellette*, 271 Conn. 740, 762 n.28, 859 A.2d 907 (2004).

The present case is not one where the "traditional protections are inadequate to ensure the fair and just administration of the courts . . . ." (Internal quotation marks omitted.) *State* v. *Connor*, supra, 292 Conn. 519 n.23. The procedures in place that would have allowed the plaintiff to move for the correction of the fact finder's failure to state the precise amount of the debt, if the plaintiff had followed them in a timely fashion, are more than adequate to "ensure the fair and just administration of the courts . . . ." (Internal quotation marks omitted.) Id. Moreover, the single anomaly presented by this case does not implicate the fairness of the entire judicial system. Accordingly, we decline to exercise our supervisory powers in this matter.

The judgment is affirmed.

In this opinion the other judges concurred.