******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CATHERINE LEDERLE *v.* STEVAN SPIVEY
(AC 35382)

DiPentima, C. J., and Alvord and Harper, Js.

*Argued May 19—officially released July 29, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Abery-Wetstone, J. [dissolution
judgment]; Emons, J. [motion to open].)

*Paul Greenan*, for the appellant (defendant).

*Norman A. Roberts II*, with whom was *Tara C. Dugo*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Stevan Spivey, appeals from the denial of his motion to open the judgment of the trial court dissolving his marriage to the plaintiff, Catherine Lederle. On appeal, the defendant claims that the court: (1) improperly held a portion of the hearing on the motion to open in chambers and off the record; and (2) abused its discretion by deciding the motion to open, which was based on a claim of fraud and therefore involved a question of material fact, without the benefit of sworn testimony or other evidence. We affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural posture. The parties were married in Darien on December 31, 1998. One child was born of the marriage in 2000. Thereafter, the marriage broke down irretrievably, and, in March, 2005, the plaintiff commenced an action seeking to dissolve the marriage. On May 2, 2007, the court, *Abery-Wetstone, J.*, rendered a judgment of dissolution. As part of this decision, the court acknowledged the plaintiff's claim that she needed to move to Virginia in order to remain competitive in her employment with Lexmark, and found that it was in the best interest of the child to relocate with her to Virginia. The defendant appealed from the judgment, arguing, inter alia, that the court improperly permitted the plaintiff to relocate with their minor child to Virginia. We affirmed the judgment of the court, and our Supreme Court denied certification to appeal. *Lederle v. Spivey*, 113 Conn. App. 177, 965 A.2d 621, cert. denied, 291 Conn. 916, 970 A.2d 728 (2009).

The defendant subsequently filed an amended motion to open the judgment, in which he claimed that "[t]he plaintiff, in her trial testimony committed fraud with respect to the issue of her Lexmark employment and specifically whether or not same was available in Virginia on the dates testified to. . . . [The] plaintiff had a continuing duty to disclose the status of her job situation with Lexmark after [the May 2, 2007] judgment [of the trial court], and before the Appellate Court issued a memorandum of decision in [March] 2009. . . . [S]uch fraud was with respect to a material fact or facts which ultimately led to [the trial] court's conclusion that [the] plaintiff and the minor child should be permitted to relocate from the state of Connecticut to the state of Virginia for primarily employment purposes."

The court, *Emons, J.*, heard oral argument on the motion and, after receiving a memorandum of law from counsel for each party in support of their position, issued a memorandum of decision denying the motion to open on January 28, 2013. In reaching its decision, the court found that "[a]fter the May 2, 2007 judgment, on June 5, the plaintiff lost her employment at Lexmark. . . . On or about August 20, 2007, the plaintiff relocated

to Virginia and at or about the same time, began a new job at Xerox, also located in Virginia." The court noted that Judge Abery-Wetstone "found numerous reasons why relocation was in the best interest of the minor child" and that no single factor controlled the decision of the court. On the basis of the foregoing, the court held that "while the plaintiff did have a duty to disclose that she lost her Lexmark job and procured a new one at Xerox, prior to the Appellate [Court's] decision, her failure to disclose does not constitute fraud." The defendant appealed.[1]

We first examine the defendant's claim that the court improperly held a portion of the hearing on the motion to open in chambers and off the record. We conclude that as a result of an inadequate record, we cannot review the defendant's claim on appeal.

The defendant claims that the hearing on the motion to open began and concluded in chambers. It is the responsibility of the appellant to provide an adequate record for review, and "[o]ur role [on appeal] is not to guess at possibilities, but to review claims based on a complete factual record developed by the trial court." (Internal quotation marks omitted.) *McCarthy* v. *Cadlerock Properties Joint Venture, L.P.*, 132 Conn. App. 110, 118, 30 A.3d 753 (2011); see also Practice Book § 61-10. Here, the only evidence in the record relating to an in-chambers discussion is a passing reference that counsel had "spoke[n]" with the judge in chambers. The context and timing of that statement, however, does not establish that the in-chambers discussion took place immediately prior to the hearing on the motion to open, nor does it establish that the court heard or decided the motion on the basis of that discussion.[2] In addition, the record does not establish that there was another in-chambers discussion following the conclusion of the hearing before the court.[3] "It is not an appropriate function of this court, when presented with an inadequate record, to speculate as to the reasoning of the trial court or to presume error from a silent record." (Internal quotation marks omitted.) *Clelford* v. *Bristol*, 150 Conn. App. 229, 236, A.3d (2014). As we are left to speculate as to the existence and nature of these alleged in-chambers discussions, we decline to review the defendant's claim.[4]

We next turn to the defendant's claim that the court abused its discretion by deciding the motion to open without the benefit of sworn testimony or other evidence. This argument is unpersuasive.

Ordinarily, our review of a trial court's ruling on a motion to open a judgment is limited to a determination of whether the trial court acted unreasonably and in clear abuse of its discretion. *Unifund CCR Partners* v. *Schaeppi*, 140 Conn. App. 281, 286–87, 59 A.3d 282 (2013). "When, however, the trial court draws conclusions of law, our review is plenary and we must decide

whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Stratford* v. *Winterbottom*, 151 Conn. App. 60, 68,    A.3d    (2014). It is also well established that "[w]hen a trial court reaches a correct outcome, but on grounds that cannot be sustained, [this court has] repeatedly upheld the court's judgment if there are other grounds to support it." *Kalas* v. *Cook*, 70 Conn. App. 477, 482, 800 A.2d 553 (2002).

Here, the defendant prefaced his motion to open on the legal theory that the plaintiff had a continuing duty to disclose any "substantial change of circumstances" following the judgment of the trial court and during the pendency of the appeal, and that her failure to do so constituted fraud. Both parties proceeded to present the case to the trial court under this theory and cited to *Weinstein* v. *Weinstein*, 275 Conn. 671, 882 A.2d 53 (2005), and *Billington* v. *Billington*, 220 Conn. 212, 595 A.2d 1377 (1991), as the relevant legal authority for that theory. On the basis of the parties' representations, the court, in its denial of the motion to open, held that "while the plaintiff did have a duty to disclose that she lost her Lexmark job and procured a new one at Xerox, prior to the Appellate [Court's] decision, her failure to disclose does not constitute fraud."

A review of *Weinstein* and *Billington* reveals no support for the theory of a continuing duty to disclose *any* material change in circumstances during an appeal of a judgment of dissolution. Instead, these cases merely establish a "continuing duty to disclose pertinent financial information" until the judgment of dissolution is final. *Weinstein* v. *Weinstein*, supra, 275 Conn. 695–98; see id., 698 ("extending the duty to disclose [pertinent financial information] *until the judgment is final* essentially is mandated by our determination in *Billington* v. *Billington*, supra, 220 Conn. 220–22" [emphasis added; internal quotation marks omitted]). Consequently, the defendant's motion to open based on fraud, which was exclusively predicated upon the plaintiff's alleged failure "to disclose the status of her job situation with Lexmark *after* [the trial court's] judgment [of dissolution] . . . and *before* the Appellate Court [rendered judgment]," fails as a matter of law. (Emphasis added.) We therefore affirm the judgment of the trial court.

The judgment is affirmed.

[1] The defendant filed his appeal on January 31, 2013. On March 14, 2013, he filed a motion for articulation, which the court, *Emons, J.*, denied on March 26, 2013. The defendant filed a motion for review of the denial before the Appellate Court on April 8, 2013. This court granted the motion for review, but denied the relief requested.

[2] In fact, the colloquy between the court and the defendant's counsel at 9:55 a.m. suggests that the in-chambers discussion took place on an earlier date and primarily involved the parties selecting a date for argument and estimating the length of argument.

"The Court: Lederle [versus] Spivey.

"[The Defendant's Counsel]: That's ready, Your Honor.

"Unidentified: That's ready, Your Honor.

"The Court: Okay, I believe that that is here with me.

"[The Defendant's Counsel]: It is. We actually started [the matter] before you, and then we spoke with you in chambers.

"The Court: That's right.

"[The Defendant's Counsel]: And we chose today's date.

"The Court: I do recall that. It's going to probably be at least a half an hour?

"[The Defendant's Counsel]: Sure.

"The Court: So if you want to just—

"[The Defendant's Counsel]: Okay, thank you.

"The Court: —make yourselves busy.

"[The Defendant's Counsel]: Thank you."

[3] The defendant claims that "[d]espite Judge Emons indicating that the hearing would continue on or before 1 p.m. on that same day, the record goes cold. Instead, the hearing concluded behind closed doors, with no court reporter and neither party being present." Our review of the record, however, merely reveals that the parties' hearing before the court concluded as follows:

"The Court: Okay. What would you like me to do? Do you want me to take a recess and read these things?

"[The Plaintiff's Counsel]: I think that's the first step.

"[The Defendant's Counsel]: Sure.

"The Court: I'm happy to do that. Let me get back to the—

"[The Defendant's Counsel]: But I hope—I hope, well, I don't know, I mean I know—

"The Court: Go ahead.

"[The Defendant's Counsel]: —it's both decisions. It's both—

"The Court: Both decisions, yeah, absolutely. I have both of them. All right.

"[The Defendant's Counsel]: Thank you.

"The Court: Let me—and I will definitely have that accomplished. I do want to address this other matter, but I will definitely have that done before one o'clock, so I can tell you—

"[The Defendant's Counsel]: Do you want all our—do you want our stuff moved?

"The Court: No.

"[The Defendant's Counsel]: Okay.

"[The Plaintiff's Counsel]: Thank you.

"The Court: I don't think I'll need it."

At that point, the court directed its attention to other court business.

[4] Furthermore, even if these in-chambers discussions occurred and involved the subject of the motion to open, the defendant's counsel at the time made no timely objection on the record to these in-chambers discussions. The defendant has also failed to provide us with any relevant law to establish that a judge's decision to engage in an in-chambers discussion on a civil matter with both parties' counsel present constitutes an abuse of discretion.

_____