******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# CLIFF'S AUTO BODY, INC. *v.* CARL M. GRENIER
## (AC 39988)

DiPentima, C. J., and Lavine and Sheldon, Js.

*Syllabus*

The plaintiff C Co. sought to foreclose a judgment lien on certain real property owned by the defendant. In an underlying debt collection action, which concerned a debt that arose out of a motor vehicle accident involving D, the defendant's deceased mother, C Co. had secured a judgment in its favor against D in December, 2008. The trial court also awarded C Co. interest but did not set the rate at which the interest would accrue. C Co. thereafter placed a judgment lien on certain of D's real property. D then appealed from the judgment to this court, which dismissed the appeal for lack of a final judgment because there was an unresolved claim for discretionary prejudgment interest. In April, 2010, C Co. filed a motion for clarification requesting the trial court to enter an order setting the rate of prejudgment interest. The court granted the motion and ordered prejudgment and postjudgment interest at a rate of 10 percent per year. Following D's death, the defendant became the owner of the subject property. Thereafter, C Co. commenced this action against the defendant seeking to foreclose the judgment lien. The defendant filed a motion to dismiss on the grounds that the judgment lien was not valid, that the court lacked subject matter jurisdiction and that the lien did not specify the rate of interest. The court denied the motion and rendered a judgment of foreclosure by sale in favor of B Co., which had been substituted as the plaintiff. On the defendant's appeal to this court, *held* that the trial court improperly rendered a judgment of foreclosure by sale, as the judgment lien was invalid as a matter of law and could not have served as the basis for the judgment of foreclosure by sale; the judgment lien was predicated on the judgment in the debt collection action, which did not state the rate of interest and, therefore, did not specify with certainty the amount for which it was rendered, nor was the amount ascertainable from the record or by mere mathematical computation, and because this court previously had determined that the judgment in the debt collection action was not a final judgment and C Co. had failed to timely file a motion to open within four months of the judgment to obtain an award of interest that included the rate of interest, the trial court in that action lacked the power to determine the rate of prejudgment and postjudgment interest more than fifteen months after the judgment had been rendered.

Argued October 24, 2017—officially released February 27, 2018

*Procedural History*

Action to foreclose a judgment lien on certain of the defendant's real property, and for other relief, brought to the Superior Court in the judicial district of New London, where Basley Holdings, Inc., was substituted as the plaintiff; thereafter, the court, *Hon. Robert C. Leuba*, judge trial referee, denied the defendant's motion to dismiss and rendered a judgment of foreclosure by sale, from which the defendant appealed to this court. *Reversed*; *judgment directed.*

*James J. Schultz*, for the appellant (defendant).

*Kerin M. Woods*, with whom, on the brief, was *Rachael M. Gaudio*, for the appellee (substitute plaintiff).

*Opinion*

LAVINE, J. The defendant, Carl M. Grenier, appeals from the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff Basley Holdings, Inc.[1] The defendant's principal claim on appeal is that it was improper for the court, *Hon. Robert C. Leuba*, judge trial referee, to deny his motion to dismiss for lack of subject matter jurisdiction.[2] We reverse the judgment of the trial court.

The following historical facts and procedural history are relevant to our resolution of the defendant's appeal. The debt at issue arose out of a motor vehicle accident involving the defendant's deceased mother, Frances Grenier (decedent), many years ago. The plaintiff undertook to repair the decedent's vehicle, but for reasons not relevant to the present matter, the decedent refused to pay the plaintiff for its efforts. The plaintiff, therefore, brought a debt collection action against the decedent and secured a judgment in its favor in the amount of $9887.22 on December 30, 2008. The court, *Riley, J.*, also awarded the plaintiff interest pursuant to General Statutes § 37-3a[3] but did not set the rate at which the interest would accrue.[4] On January 2, 2009, the plaintiff placed a judgment lien in the amount of $9887.22 on the decedent's real property at 82 Pendleton Hill Road in Voluntown (property). The decedent appealed from the judgment against her, but, on April 15, 2010, this court sua sponte ordered the appeal dismissed for want of an appealable final judgment.[5] The judgment was not a final judgment for purposes of appeal because there was an unresolved claim for discretionary prejudgment interest. See *Balf Co.* v. *Spera Construction Co.*, 222 Conn. 211, 214, 608 A.2d 682 (1992) (prejudgment interest part of compensation due).

On April 13, 2010, more than fifteen months after Judge Riley rendered judgment in the debt collection action, the plaintiff filed a motion for clarification asking the court to set the amount of prejudgment interest. On April 26, 2010, Judge Riley ordered prejudgment and postjudgment interest at the rate of 10 percent per year.

In May, 2014, the defendant became the owner of the property by devise due to his mother's death. The plaintiff commenced the present action against the defendant in early 2015 to foreclose the judgment lien it had placed on the property in January, 2009. The defendant, who was then self-represented, responded by filing several special defenses grounded in our probate statutes and thereafter filed a motion for summary judgment on those grounds. The motion for summary judgment was denied by the court, *Cosgrove, J.* The self-represented defendant subsequently filed an amended answer and special defenses and an amended motion for summary judgment on the ground that the judgment lien was flawed because General Statutes § 52-328 (b)

requires a judgment creditor to file a judgment lien within four months of the final judgment.[6] Judge Cosgrove sustained the plaintiff's objection to the amended motion for summary judgment on August 25, 2015, stating that the plaintiff obtained a valid judgment against the decedent and when the judgment was not paid, the plaintiff placed a lien on the property.

The defendant obtained counsel, who filed numerous motions to dismiss the action on the ground, among others, that the judgment lien was flawed and unenforceable because it was predicated on a judgment that was not final. On October 28, 2015, the defendant filed a motion to dismiss on the ground that the court lacked subject matter jurisdiction. On April 21, 2016, the court, *Devine, J.*, denied the defendant's motion to dismiss after finding that the plaintiff had filed the lien within four months of when the judgment was rendered against the decedent. The court, relying on *Mac's Car City, Inc.* v. *DiLoreto*, 238 Conn. 172, 183, 679 A.2d 340 (1996), concluded that the judgment lien was valid even though the decedent had taken an appeal.[7] Subsequently, the defendant filed numerous motions to dismiss, for reargument, and for clarification, all of which were denied. On November 25, 2016, when the foreclosure matter was scheduled to begin trial, the defendant filed another motion to dismiss and, on November 29, 2016, a motion for a continuance. The court, *Nazzaro, J.*, denied the motion for a continuance.[8]

The matter was tried before Judge Leuba. Following the presentation of evidence, Judge Leuba learned that Judge Nazzaro had not ruled on the defendant's motion to dismiss and, therefore, heard the arguments of counsel.[9] The court denied the defendant's motion to dismiss predicated on the grounds that there was no valid judgment lien, that the court lacked subject matter jurisdiction, and that the lien placed in evidence did not specify the rate of interest. In denying the motion to dismiss, Judge Leuba cited Judge Devine's memorandum of decision denying one of the defendant's prior motions to dismiss. Judge Leuba thereafter rendered a judgment of foreclosure by sale in favor of the plaintiff on November 30, 2016.[10]

The defendant appealed. He claims, among other things, that the court improperly rendered a judgment of foreclosure by sale on the basis of an invalid judgment lien in the debt collection action. We agree that the judgment lien submitted at the foreclosure hearing was invalid and, therefore, conclude that the court erred in rendering the judgment of foreclosure by sale.

The determinative question before us is whether the court properly rendered a judgment of foreclosure by sale. An appellate court ordinarily reviews "a trial court's decision to grant foreclosure for an abuse of discretion. . . . When, however, the claims on appeal are not targeted at the trial court's exercise of discre-

tion, but at a subsidiary legal conclusion, our review is plenary." (Citation omitted.) *ARS Investors II 2012-1 HVB, LLC* v. *Crystal, LLC*, 324 Conn. 680, 685, 154 A.3d 518 (2017). The legal issue before us is whether the court properly concluded that the judgment lien on the property was valid.

The following facts are relevant to our decision. Two days before the decedent's appeal was dismissed for lack of a final judgment, the plaintiff requested that Judge Riley enter an order setting the rate of prejudgment interest in the debt collection action. Judge Riley granted the plaintiff's request in April, 2010, more than fifteen months after he had rendered judgment in the debt collection action. He, however, lacked the power to do so.

"Our case law establishes that any substantive modification of a judgment constitutes an opening of the judgment. The issue of whether a particular action by the trial court opens the judgment typically arises when the court alters the judgment more than four months after the judgment was rendered and a party challenges the court action as an untimely opening of the judgment . . . ." *Commissioner of Transportation* v. *Rocky Mountain, LLC*, 277 Conn. 696, 705, 894 A.2d 259 (2006). General Statutes § 52-212a provides in relevant part: "[A] civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ." Both § 52-212a and Practice Book § 17-4[11] provide that the trial court lacks the power to open a judgment more than four months after the judgment is rendered. *Commissioner of Transportation* v. *Rocky Mountain, LLC*, supra, 706.

In the present case, Judge Riley fixed the rate of prejudgment interest and added postjudgment interest to the debt collection judgment more than fifteen months after the judgment was rendered. The defendant claims that assigning the rate of interest on the debt collection judgment constituted a substantive change in the judgment. We agree; adding an award of postjudgment interest to a damages award is a substantive modification of the judgment. Id., 707, citing *Goldreyer* v. *Cronan*, 76 Conn. 113, 117, 55 A. 594 (1903). Because the plaintiff did not seek to have the debt collection judgment opened to determine the rate of prejudgment interest within four months of December 30, 2008, when the judgment was rendered, the court lacked the power to determine the rate of prejudgment interest and to add postjudgment interest in April, 2010.

The case of *Unifund CCR Partners* v. *Schaeppi*, 140 Conn. App. 281, 59 A.3d 282 (2013), informs our decision in the present case. *Unifund CCR Partners* was a debt collection action in which the trial court, *Miller, J.*, rendered judgment in favor of Unifund CCR Partners

(Unifund) on June 19, 2006. Id., 283, citing *Unifund CCR Partners* v. *Schaeppi*, 126 Conn. App. 370, 372, 11 A.3d 723 (2011). Unifund placed a judgment lien on real property owned by the Schaeppis on July 18, 2006. Id. On August 25, 2006, Unifund filed a motion for an order of weekly payments, which the court granted on September 11, 2006. Id. Unifund initiated a foreclosure action against the Schaeppis and filed a motion for summary judgment as to liability. The trial court, *Hon. Robert Satter*, judge trial referee, denied the motion on exemption grounds but noted that the judgment and lien against the Schaeppis did not state the amount of the lien. Id., 284. Unifund filed a motion seeking clarification of the June 19, 2006 judgment, but Judge Miller found that there never was a finding as to the amount of the debt. Id., 285. Consequently, there was no judgment to clarify. Id.

Thereafter, the Schaeppis filed their own motion for summary judgment on the basis of Judge Satter's observations in his memorandum of decision regarding the issue of liability. Id. By memorandum of decision filed October 15, 2008, Judge Satter granted the Schaeppis' motion for summary judgment and stated, as a matter of law, "a judgment of no amount, underlying a judgment lien in an incorrect amount cannot form the basis of a foreclosure action." (Internal quotation marks omitted.) Id. Unifund appealed to this court arguing that the June 19, 2006 judgment was a full and final judgment and, in the alternative, that the order for weekly payments entered on September 11, 2006, was a money judgment. Id.

This court rejected both of Unifund's arguments and affirmed the summary judgment in favor of the Schaeppis. Id., 286. This court determined that the "June 19, 2006 judgment was not a full and final judgment because it did not specify with certainty the amount for which it was rendered, nor was the amount ascertainable from the record or by mere mathematical computation. . . . Without deciding whether the installment payment order of September 11, 2006, was a money judgment, this court concluded that it was impossible for it to have served as the basis for the judgment lien, as the judgment lien was recorded weeks before the court entered its installment payment order." (Citation omitted; internal quotation marks omitted.) Id.

After this court affirmed the judgment granting the Schaeppis' motion for summary judgment, Unifund filed a motion to open and modify the judgment of June 19, 2006. The motion was denied, as were the subsequent motions for reargument and reconsideration. Id. Unifund then asked Judge Miller to articulate his reasons for denying its motion to open the judgment. Id. Judge Miller articulated that the judgment Unifund sought to open lacked a specific dollar amount and, therefore,

was not a valid judgment, and the court did not "have the ability to open a judgment that was never really a judgment." (Internal quotation marks omitted.) Id. Unifund thereafter appealed once more to this court. Id.

In its second appeal, Unifund argued that Judge Miller abused his discretion by failing to open the June 19, 2006 judgment because the court has authority pursuant to § 52-212a in cases where the judgment was obtained by mutual mistake. Id., 287. This court rejected Unifund's argument on the ground that it rested "on the faulty premise that there exists a judgment to open." Id. Because this court already had determined that "the judgment rendered on June 19, 2006, was not a full and final judgment; *Unifund CCR Partners* v. *Schaeppi*, supra, 126 Conn. App. 380; it declined to engage in that analysis for the second time." (Internal quotation marks omitted.) *Unifund CCR Partners* v. *Schaeppi*, supra, 140 Conn. App. 287.

In the present case, the judgment lien placed on the property on January 2, 2009, was predicated on the December 30, 2008 judgment in the debt collection action. In the decedent's appeal, this court determined that the debt collection judgment was not a final judgment because the rate of interest had not been set. The plaintiff failed to open timely the debt collection judgment to obtain an award that set the rate of prejudgment interest. Moreover, for the sake of argument only, even if the plaintiff timely had opened the debt collection judgment and had obtained a judgment that incorporated the rate of interest, in order to obtain a valid judgment lien, it was required to file a new judgment lien on the property. There is no evidence that the plaintiff has filed a judgment lien on the property since January 2, 2009.[12] General Statutes § 52-380a (a) provides in relevant part that "[a] judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any real property by recording, in the town clerk's office of the town where the real property lies, a judgment lien certificate . . . containing . . . the date on which the judgment was rendered, and the original amount of the money judgment and the amount due thereon . . . ." Pursuant to § 52-328 (b), the lien must be recorded within four months of judgment.

We conclude, therefore, that the judgment lien submitted in evidence in the present foreclosure action was invalid as a matter of law and could not serve as a basis for the judgment rendered by the court. The judgment lien was predicated on a judgment that did not state the rate of interest and, therefore, did not specify with certainty the amount for which it was rendered, nor was the amount ascertainable from the record or by mere mathematical computation. We, therefore, reverse the judgment of foreclosure by sale.

The judgment is reversed and the case is remanded

with direction to grant the defendant's motion to dismiss for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

[1] Following the commencement of the present action by the named plaintiff, Cliff's Auto Body, Inc., its successor in interest, Basley Holdings, Inc., was substituted as the party plaintiff. For convenience, we refer in this opinion to the named plaintiff and the substitute plaintiff collectively as the plaintiff.

[2] The defendant also claims that the court improperly (1) rendered a judgment of foreclosure by sale in the absence of a final judgment, (2) deferred to the ruling of the court, *Divine, J.*, on his motion to dismiss, (3) ordered him to trial under the pain of sanctions when a motion to dismiss was pending, (4) rendered a decision on a judgment that had not timely been opened, (5) permitted the plaintiff to put documents into evidence without authenticating them or laying a foundation, and (6) violated his right to due process on numerous grounds.

The plaintiff states that the issue on appeal is whether the court properly rendered a judgment of foreclosure by sale pursuant to General Statutes § 52-380a. We reverse the judgment of foreclosure by sale for the lack of a valid underlying judgment. We therefore need not address the remainder of the defendant's claims.

[3] General Statutes § 37-3a provides in relevant part: "[I]nterest at the rate of ten percent a year and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable. . . ."

[4] "In *Sears, Roebuck & Co.* v. *Board of Tax Review*, 241 Conn. 749, 765–66, 699 A.2d 81 (1997), this court held that the 10 percent interest rate set forth in § 37-3a is not a fixed rate, but rather the maximum rate of interest that a trial court, in its discretion, can award." *Gianetti* v. *Meszoros*, 268 Conn. 424, 426, 844 A.2d 851 (2004).

[5] This court issued the following order: "After a hearing as to why the defendant's appeal should not be dismissed for lack of a final judgment because there has been no final determination regarding the amount of damages, in light of the fact that the trial court, in rendering judgment in accordance with the factfinder's report, failed to specify the rate at which prejudgment interest should be calculated; see *Gianetti* v. *Meszoros*, 268 Conn. 424, 426 [844 A.2d 851] (2004); it is hereby ordered that this appeal is dismissed."

[6] General Statutes § 52-328 (b) provides that no real estate may be subject to attachment "unless the judgment creditor places a judgment lien on the real estate within four months after a final judgment."

[7] In his memorandum of decision, Judge Devine stated in part: "The ruling was appealed and then remanded to the trial court to determine the amount of interest. Even though the Appellate Court ruled that the trial court's judgment was not final, the lien filed after the original judgment remains valid."

The order dismissing the appeal contains no remand order. See footnote 5 of this opinion.

[8] Judge Nazzaro issued the following order: "Counsel on the eve of trial filed no less than its third motion to dismiss, one of which was withdrawn and then refiled and then denied on the merits. Counsel moved for reargument on dismissal. That motion was denied. Counsel moved for clarification of rulings. Those motions were denied. Subject matter jurisdiction has already been argued and determined. Counsel again attempts to revive dismissal on this basis on the eve of trial. The motion to continue the court trial one day before trial is denied. The parties are ordered to appear and try the case in accordance with the trial management report. Failure to appear and or proceed may result in sanctions and or dismissal. This motion is untimely, is prejudicial and if granted would permit unreasonable delay."

[9] In his argument, counsel for the defendant referred to *Unifund CCR Partners* v. *Schaeppi*, 140 Conn. App. 281, 59 A.3d 282 (2013). He argued, in relevant part, that a judgment is not a full or final judgment when it does not specify with certainty the amount for which it was rendered, nor was the amount ascertainable from the record or by mere mathematical computation. "It's been argued that you can't look at the record and ascertain the amount of the judgment, but the lien was filed in January, 2009. In 2010, there was an untimely opening where [Judge Riley] specified interest at 10 percent. Well, the lien should have been refiled, if anything, to have a position, but it was not. As I said, what was presented to the court today

was a lien that does not specify interest, it is not of any specified amount in total, and there has been no testimony, no evidence, to the contrary.”

[10] The court found the debt to be $21,497.72. The value of the property was $200,000. The court also awarded attorney's fees of $7150, an appraisal fee of $600, and a title search fee of $250.

[11] Practice Book § 17-4 (a) provides in relevant part: “Unless otherwise provided by law . . . any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. . . .”

[12] The copy of the judgment lien attached to the plaintiff's complaint is dated January 2, 2009, and states the amount of damages as $9887.22.

---