******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

U.S. EQUITIES CORP. *v.* PEGGY CERALDI
(AC 41648)

DiPentima, C. J., and Sheldon and Bear, Js.

*Syllabus*

The plaintiff brought an action against the defendant seeking to collect a credit card debt allegedly owed by the defendant. In May, 2011, following the defendant's default for failure to plead, the trial court granted the plaintiff's motion for judgment and awarded the plaintiff monetary damages, attorney's fees, costs and postjudgment interest pursuant to, inter alia, the statute (§ 37-3a) that allows the recovery of up to 10 percent interest in civil actions as damages for the detention of money after it becomes payable. The court did not set the rate of interest. In March, 2018, the plaintiff filed a motion for clarification, requesting that the court clarify its judgment to reflect that it had awarded postjudgment interest at a rate of 10 percent per year. In its order granting the plaintiff's motion, the trial court stated that it had intended that the postjudgment interest rate be set at the maximum allowable rate of 10 percent per year. On appeal, the defendant claimed that the trial court's order granting the motion for clarification and setting, for the first time, the rate of postjudgment interest it had intended to award, constituted an improper substantive modification of the judgment. *Held* that the trial court lacked the authority to set the postjudgment interest rate at 10 percent approximately seven years after the judgment had been rendered, as that court's order constituted an improper substantive modification of the judgment, which did not set forth any interest rate, and the plaintiff did not move to open the judgment to determine the rate of interest within the four month postjudgment period as prescribed by the applicable statute (§ 52-212a); accordingly, the judgment was reversed and the case was remanded with direction to dismiss the plaintiff's untimely motion for clarification and to correct the judgment to reflect that no postjudgment interest was properly awarded.

Argued October 23—officially released December 18, 2018

*Procedural History*

Action to collect a debt, and for other relief, brought to the Superior Court in the judicial district of New Britain, where the defendant was defaulted for failure to plead; thereafter, the court, *Swienton, J.*, granted the plaintiff's motion for judgment and rendered judgment thereon; subsequently, the court granted the plaintiff's motion for clarification and issued a certain order, and the defendant appealed to this court. *Reversed; judgment directed.*

*Joanne S. Faulkner*, for the appellant (defendant).

*Linda Strumpf*, for the appellee (plaintiff).

*Opinion*

BEAR, J. The defendant, Peggy Ceraldi, appeals from the judgment of the trial court granting the postjudgment motion for clarification filed by the plaintiff, U.S. Equities Corp., regarding the postjudgment interest rate to be applied to the judgment rendered against the defendant in the underlying debt collection action.[1] The defendant claims that the court's clarification actually was an improper substantive modification of the judgment. We agree and, accordingly, reverse the judgment setting the rate of postjudgment interest.

The following facts and procedural history are relevant to the disposition of this appeal. The plaintiff was assigned all rights to the defendant's Chase Bank credit card account from Turtle Creek Assets, Ltd. On December 18, 2010, the plaintiff commenced this action, seeking monetary damages of $17,886.99, prejudgment interest, attorney's fees of $2683.05, costs of the action, and "statutory postjudgment interest of 10 [percent] per annum." On May 31, 2011, the court granted the plaintiff's motion for judgment following the defendant's default for failure to plead. In its order granting the motion, the court awarded the plaintiff $30,895 in monetary damages, $2683.05 in attorney's fees, $343.20 in costs, and postjudgment interest pursuant to General Statutes §§ 37-3a[2] and 52-356d (e).[3] The court, however, did not set forth in its order the rate of postjudgment interest.[4]

On June 27, 2017, the defendant filed a motion for a protective order claiming that, after the defendant had paid the court-ordered weekly payments in an amount exceeding $10,000, the plaintiff incorrectly notified her that she still owed more than $43,000 on the judgment because of its unilateral application of a 10 percent annual postjudgment interest rate on the unpaid amount of the judgment. The defendant requested that the judgment be retroactively modified to the original amount claimed and that postjudgment interest be denied. On July 24, 2017, the court denied the defendant's motion for a protective order, stating that the proper motion for the relief requested by the defendant was a motion to open the judgment. On September 1, 2017, the defendant filed a motion to open the judgment, which the court denied on September 18, 2017.

On October 6, 2017, the defendant appealed the court's judgment denying her motion for a protective order. See footnote 1 of this opinion. On March 4, 2018, during the pendency of that appeal, the plaintiff filed a motion for clarification with the trial court requesting that the court's May 31, 2011 judgment be clarified to reflect that the rate at which it had awarded postjudgment interest was 10 percent per year. On April 30, 2018, the court granted the plaintiff's motion for clarification, stating that when it had rendered judgment on May 31,

2011, it had done so in accordance with the plaintiff's request for relief set forth in its complaint and had intended that the interest rate be set at the maximum allowable rate of 10 percent per year. This appeal followed.

The defendant's principal claim on appeal is that the court's order granting the motion for clarification and setting forth for the first time the rate at which it had intended postjudgment interest to be awarded, constituted an improper substantive modification of the judgment. The defendant argues that the court lacked authority to set a postjudgment interest rate approximately seven years after the judgment because the plaintiff did not seek to have the judgment opened to determine the rate of postjudgment interest within four months of the May 31, 2011 judgment. See General Statutes § 52-212a and Practice Book § 17-4.

The plaintiff counters that, because postjudgment interest already had been awarded in the judgment, the court's order granting the motion for clarification was not a substantive modification of the judgment.[5] The plaintiff asserts that the court had authority to specify the postjudgment interest rate through a motion for clarification, which is not time barred.[6] We disagree.

We first set forth the applicable standard of review. "Motions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper. . . . A motion for clarification may be appropriate where there is an ambiguous term in a judgment . . . but, where the movant's request would cause a substantive modification of an existing judgment, a motion to open or set aside the judgment would normally be necessary." (Citations omitted; internal quotation marks omitted.) *Rome* v. *Album*, 73 Conn. App. 103, 109, 807 A.2d 1017 (2002).

When a party has filed a motion for clarification seeking a ruling on its entitlement to postjudgment interest, this court has looked to the substance of the claim rather than the form of the motion. See *Bower* v. *D'Onfro*, 45 Conn. App. 543, 547, 696 A.2d 1285 (1997) ("[e]ven though the . . . motion was captioned motion for clarification, we look to the substance of the claim rather than the form" [internal quotation marks omitted]). Furthermore, this court has recognized that "rather than being bound by the caption of the motion, the [trial] court must examine the practical effect of the ruling." (Internal quotation marks omitted.) *Rome* v. *Album*, supra, 75 Conn. App. 111. In the present case, the defendant argues that the practical effect of the court's order granting the motion for clarification was a substantive modification of the judgment. We agree.

Assigning or adding, postjudgment, a rate of postjudgment interest on a debt collection judgment constitutes

a substantive modification of that judgment. See *Cliff's Auto Body, Inc.* v. *Grenier*, 179 Conn. App. 820, 827, 181 A.3d 138 (2018). The plaintiff argues, however, that *Cliff's Auto Body, Inc.*, is not applicable to the present case because postjudgment interest was awarded by the court in the May 31, 2011 judgment. The court, however, did not set forth in the judgment the rate of postjudgment interest which, pursuant to § 37-3a, could have been 10 percent or some lower rate per year, and that omission precluded both the plaintiff and the defendant from knowing what postjudgment interest rate was to be applied.[7] The court, approximately seven years after the judgment was rendered, for the first time set forth the rate of postjudgment interest it had intended to award. The court's order granting the motion for clarification, therefore, constituted an improper substantive modification of the judgment.

"Our case law establishes that *any* substantive modification of a judgment constitutes an opening of the judgment. The issue of whether a particular action by the trial court opens the judgment typically arises when the court alters the judgment more than four months after the judgment was rendered and a party challenges the court action as an untimely opening of the judgment . . . . Both General Statutes § 52-212a[8] and Practice Book § 17-4[9] provide that the trial court lacks the power to open a judgment more than four months after the judgment is rendered." (Citations omitted; emphasis added; footnotes added; internal quotation marks omitted.) Id., 826–27.[10]

In seeking a substantive modification of the judgment, the plaintiff should have filed a motion to open the judgment within the four month postjudgment period specified in § 52-212a and Practice Book § 17-4. "Our rules of practice permit a party, within four months of a judgment, to move to open the judgment when there is a good and compelling reason for its modification or vacation. . . . Although the granting of a motion to open is within the discretion of the trial court . . . inadvertent failure to determine the reasonable rate of interest after this matter has properly been presented to the trial court might well qualify as a good and compelling reason to modify a judgment." (Citations omitted; internal quotation marks omitted.) *Hartford* v. *CBV Parking Hartford, LLC*, 330 Conn. 200, 229, 192 A.3d 406 (2018). In the present case, because the plaintiff did not seek to have the debt collection judgment opened to determine the rate of postjudgment interest within four months of May 31, 2011, when the judgment was rendered, the court lacked the power to determine the rate of postjudgment interest. See *Cliff's Auto Body, Inc.* v. *Grenier*, supra, 179 Conn. App. 827. On April 30, 2018, the court lacked authority to set the postjudgment interest rate at 10 percent because the original May 31, 2011 judgment did not set forth any interest rate and the plaintiff did not move to open the judgment within

the four month postjudgment period as prescribed by § 52-212a.[11]

The judgment is reversed and the case is remanded with direction to dismiss the plaintiff's untimely motion for clarification and to correct the judgment to reflect that no postjudgment interest was properly awarded.

In this opinion the other judges concurred.

[1] This is the defendant's second appeal in this case. The defendant's first appeal arose from the court's denial of her motion for a protective order (AC 40917). We ordered, sua sponte, that both appeals be heard together. We found no error in the court's decision to deny the defendant's motion for a protective order and, therefore, affirmed the court's judgment in that appeal. See *U.S. Equities Corp.* v. *Ceraldi*, 186 Conn. App. 903,     A.3d     (2018).

[2] General Statutes § 37-3a provides in relevant part that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable. . . ."

[3] General Statutes § 52-356d (e) provides that "[i]interest on a money judgment shall continue to accrue under any installment payment order on such portion of the judgment as remains unpaid."

[4] The court further ordered the defendant to make weekly payments of $35 commencing three weeks after the date notice of the order was sent. The parties do not dispute that the defendant has timely made payments to the plaintiff since 2011. The defendant claims that the total of those payments is in excess of $10,000.

[5] The plaintiff also renews its claim, made in a motion to dismiss that was denied by this court, that the order granting the motion for clarification was not appealable because the motion did not give rise to a new appeal period pursuant to Practice Book § 63-1 (c) (1), which provides in relevant part: "If a motion is filed within the appeal period that, if granted, would render the judgment, decision, or acceptance of the verdict ineffective, either a new twenty day period or applicable statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion . . . . Motions that do not give rise to a new appeal period include those that seek: clarification or articulation, as opposed to alteration, of the terms of the judgment or decision . . . ."

Because we view the court's order granting the motion for clarification as one granting a motion to open and modify the judgment; see *Bower* v. *D'Onfro*, 45 Conn. App. 543, 547, 696 A.2d 1285 (1997); we accordingly reject the plaintiff's claim that its motion did not give rise to a new appeal period.

[6] "There is no time restriction imposed on the filing of a motion for clarification." (Internal quotation marks omitted.) *Bower* v. *D'Onfro*, 45 Conn. App. 543, 547 n.6, 696 A.2d 1285 (1997).

[7] General Statutes § 37-3c, in contrast to § 37-3a, "unambiguously dictates that, when the judgment of compensation does not include a rate of interest . . . the default rate applies." (Internal quotation marks omitted.) *Hartford* v. *CBV Parking Hartford, LLC*, 330 Conn. 200, 226, 192 A.3d 406 (2018). If, however, a trial court fails to include a specific rate of interest pursuant to § 37-3a, as in the present case, there is no default interest rate that automatically applies as a matter of law. See *Urich* v. *Fish*, 112 Conn. App. 837, 844, 965 A.2d 567 ("[a]s an award of postjudgment interest [pursuant to § 37-3a] is discretionary, the plaintiff's argument that he is entitled to postjudgment interest as a matter of law [pursuant to § 37-3a] is premised on a misreading of statutory authority"), cert. denied, 292 Conn. 909, 973 A.2d 109 (2009).

Moreover, our Supreme Court has held that § 37-3a establishes that a trial court has broad discretion to award a rate of postjudgment interest up to ten percent per year, but that it need not award ten percent interest if in its discretion a lower rate of interest is more appropriate. See *Sears, Roebuck & Co.* v. *Board of Tax Review*, 241 Conn. 749, 765–66, 699 A.2d 81 (1997).

[8] General Statutes § 52-212a provides in relevant part that "a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

[9] Practice Book § 17-4 (a) provides in relevant part that "[u]nless otherwise provided by law . . . any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was

sent. . . .”

[10] The trial court has "the authority to treat the [plaintiff's] motion to clarify as a motion to open and to grant the [plaintiff's] requested relief where the [plaintiff's] motion (1) came within the four month period established by § 52–212a; (2) put the [defendant] on notice as to the effect of the relief requested despite the label affixed to the motion . . . and (3) sought to correct an error of omission, and (4) the findings contained in [the judgment] clearly expressed the court's intent as to that property." (Citation omitted; internal quotation marks omitted.) *Rome* v. *Album*, supra, 73 Conn. App. 111–12.

[11] Because we conclude that the court lacked authority to grant the motion for clarification, which in substance was a motion to open and modify the judgment to add postjudgment interest at an annual rate of ten percent, we need not reach the other equitable claims raised by the defendant.

_____